UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| WILLIAM D. ECKHOFF,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>　　　　　　　　　　Plaintiff,<br>　　　v<br><br>CREDIT CONTROL, LLC,<br><br>　　　　　　　　　　Defendant. | Civil Action, File No.<br>2:17-cv-00231-SJF-SIL |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, William D. Eckhoff [hereinafter "Eckhoff"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Credit Control, LLC ("Credit Control"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Credit Control's regular transaction of business within this district. Venue in this district also is proper based on Credit Control possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Credit Control also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Eckhoff is a natural person who resides at 1744 Princeton Drive West, Wantagh, NY 11793.

6. Eckhoff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about August 31, 2015, Credit Control sent Eckhoff the letter annexed as Exhibit A. Eckhoff received and read Exhibit A. For the reasons set forth below, Eckhoff's receipt and reading of Exhibit A deprived Eckhoff of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Credit Control sent Exhibit A to Eckhoff in an attempt to collect a past due debt.

9. Based upon Credit Control, via Exhibit A, having attempted to collect this past due debt from Eckhoff in his individual capacity and based on Exhibit B showing that the account was in the name of Eckhoff in his individual capacity and that the account was not also in the name of a business or labeled as a business account, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Credit Control is a Missouri Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation with a principal place of business of 4522 Woodland Drive, Lake St. Louis, MO 63367.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Credit Control possesses a license from the New York City Department of Consumer Affairs to operate as a

"Debt Collection Agency".

12. On Exhibit A, Credit Control identifies itself as a "debt collection agency" attempting to collect an alleged debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon Credit Control possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Credit Control is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, Credit Control is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A sets forth a "Balance Due" of $1,745.85. Per Exhibit A, B, and C, the "Balance Due" of $1,745.85 resulted from an unpaid credit card account Eckhoff had with Citibank which Citibank assigned to Credit Control's client identified in Exhibit A.

17. Per Exhibit A, the debt which resulted in the aforementioned "Balance Due" was charged-off on 9/17/2010. Exhibit B is a statement from Citibank setting forth a "Payment Due" date of 10/15/10. Exhibit B contains the following statement:

> "**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $35 and your APRs may be increased up to the variable Penalty APR of 29.99%."

18. The second page of Exhibit B also sets forth a statement regarding a Balance of $260.08 which is subject to the designated interest rate

19. Based on Exhibit B and for other reasons, Citibank, and any assignee or successor-in-interest such as Credit Control's client identified in Exhibit A, has a legal right to charge Eckhoff interest, late charges, and/or other charges in addition to the aforementioned "Balance Due".

20. Based on Exhibit B and for other reasons, the legal right to charge Eckhoff interest, late charges, and/or other charges in addition to the aforementioned "Balance Due" is not waived by Citibank or any assignee or successor-in-interest as a result of any charge-off of the debt or as a result of a failure at any point in time to charge Eckhoff interest, late charges, and/or other charges in addition to the aforementioned "Balance Due".

21. Exhibit A failed to notify Eckhoff that the "Balance Due" set forth in Exhibit A may increase due interest, late charges, and/or other charges. As a result of this failure, Credit Control violated 15 USC § 1692e by sending Exhibit A to Eckhoff.

## SECOND CAUSE OF ACTION-CLASS CLAIM

22. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

23. Exhibit A sets forth a "Balance Due" of $1,745.85.

24. Exhibit A does not set forth that the "Balance Due" of $1,745.85 may increase due to interest, late charges, and/or other charges.

25. Since Exhibit A does not set forth that the "Balance Due" of $1,745.85 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Balance Due" of $1,745.85 was static and that their

payment of $1,745.85 would satisfy the debt irrespective of when the payment was remitted.

26. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

27. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010).

28. Eckhoff owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

29. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

30. As regards the past due debt set forth in Exhibit A, Credit Control's client identified in Exhibit A had a guaranteed right to interest on the "Balance Due" of $1,745.85 from the date of Exhibit A or an earlier date.  NY CPLR 5001 (a) and (b) and Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010).

31. Based on the above, the "Balance Due" of $1,745.85 set forth in Exhibit A was not static. Instead, interest was in fact accruing on the "Balance Due" of $1,745.85 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

32. Based on the above, Credit Control's client identified in Exhibit A could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the

"Balance Due" of $1,745.85 set forth in Exhibit A balance was paid.

33. In the alternative, Credit Control's client identified in Exhibit A could have sold Eckhoff's debt to a third party and based on the above such third party could seek the interest that accumulated after Exhibit A was sent but before the "Balance Due" of $1,745.85 set forth in Exhibit A balance was paid.

34. Based on the above, since Exhibit A does not set forth that the "Balance Due" of $1,745.85 may increase due to interest, Credit Control violated 15 USC § 1692e by sending Exhibit A to Eckhoff.

**THIRD CAUSE OF ACTION-CLASS CLAIM**

35. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

36. On Exhibit A, the statement "You may also contact William Greer directly at 888-365-7144 to discuss this matter further" appears in the same paragraph and immediately preceding the portion of the 15 USC § 1692g notice which sets forth that "Unless you notify this office within 30 days of receiving this notice that you dispute the validity of this debt, or any portion thereof…".  Based on the content and placement of the above statement, the "least sophisticated consumer" could interpret the above statement, read in conjunction with the aforementioned sentence immediately following the above statement, to mean that if the consumer did not want to request the information set forth in the other portions of the 15 USC § 1692g notice but just wanted to dispute the validity of the debt then the validity of the debt could be disputed only by contacting William Greer directly at 888-365-7144 to discuss this matter further; and therefore the above statement overshadows the 15 USC § 1692g notice.

37. For the reason set forth above and other reasons, as a result of sending Exhibit A to Eckhoff, Credit Control violated 15 USC 1692g and 15 USC 1692e.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

38. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

39. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

41. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

42. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

43. The classes consist of:

   I.   (a) all natural persons (b) who received a letter from Credit Control dated between August 31,, 2015 and the present to collect an alleged past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

II. (a) all natural persons (b) who received a letter from Credit Control dated between August 31,, 2015 and the present to collect an alleged past due debt, (c) in a form materially identical or substantially similar to Exhibit A;

III. (a) all natural persons (b) who received a letter from Credit Control dated between September 20, 2015 and the present to collect an alleged past due debt allegedly due to the original creditor to whom the debt is owed, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

IV. (a) all natural persons (b) who received a letter from Credit Control dated between September 20, 2015 and the present to collect an alleged past due debt allegedly due to the original creditor to whom the debt is owed, (c) in a form materially identical or substantially similar to Exhibit A; and/or

44. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

45. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

46. The predominant common question is whether Defendant's letters violate the FDCPA.

47. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

48. A class action is the superior means of adjudicating this dispute.

49. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Credit Control in favor of Plaintiff and the class members for statutory damages and actual damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:          March 28, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709